Argued May 4, affirmed August 3, 1955

# CLEVENGER v. SCHALLHORN

286 P. 2d 651

*Geo. H. Brewster,* of Redmond, argued the cause for appellant. With him on the briefs was J. J. Thalhofer, of Redmond.

*Wm. G. Dick,* of The Dalles, argued the cause for respondent. On the brief were Dick & Dick.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, and PERRY, Justices.

PER CURIAM.

This is an action for damages for personal injuries received in an automobile accident. In the trial court the plaintiff recovered, and the defendant has appealed.

The accident occurred on August 28, 1952, on U. S. Highway 97, commonly referred to as The Dalles-California highway, at a point just south of Redmond, Oregon. The plaintiff was riding in an automobile driven by her husband in a southerly direction in highway 97. Where the accident occurred, there is a roadway leading from an auction sales ground in an easterly direction to highway 97, and on this roadway at a point some 15 to 17 feet from the edge of the paved portion of the highway there was erected a "stop" sign. The defendant, after leaving the sales ground, had proceeded along the roadway leading from the sales ground, and without stopping at the "stop" sign, had driven either upon the traveled portion of the highway and stopped, as contended by plaintiff's witnesses, or had stopped a few feet west thereof, as contended by defendant and his witnesses. The automobile in which plaintiff was riding was following behind another automobile; this automobile swerved to the left to avoid striking the defendant's automobile, and as the Clevenger automobile approached the stopped vehicle of the defendant another automobile approached from the opposite direction creating a situation which Mr. Clevenger stated left him only three choices, either (1) to swerve over into the left lane and collide with the oncoming car, (2) to drive directly into the car of the defendant, or (3) to attempt to make a right turn into the private road leading to the auction yard. He chose this latter course, and in so doing "sideswiped" the automobile driven by the defendant.

The defendant complains of the failure of the court to take from the jury the specifications of negligence "in failing to keep a proper outlook, or any outlook for south bound vehicles, and in particular the vehicle in

which plaintiff was riding''; and further complains of the trial court's failure to take from the consideration of the jury the question of whether or not the defendant failed to bring his automobile to a stop before entering the highway.

■ The answer to both of these contentions is found in the question as to whether or not the defendant stopped his automobile upon the traveled portion of the highway. It is evident from the verdict of the jury on behalf of the plaintiff that they believed the defendant had stopped his automobile upon the traveled portion of the highway.

The trial court instructed the jury that ''the driver of a vehicle entering a public highway from a private road or drive shall stop and yield the right of way to all vehicles approaching on such highway, * * *''.

■■ In entering a highway from a private roadway no exact place is designated for stopping. However, the party approaching the highway must stop prior to entering into and upon the traveled portion of the roadway. *Biddle v. Mazzocco,* 204 Or 547, 284 P2d 364. One of the duties to be observed in stopping is to maintain a lookout. *Cameron v. Goree,* 182 Or 581, 189 P2d 596.

Plaintiff and her husband both testified they observed the defendant's automobile upon the traveled portion of the highway; that an automobile just preceding their automobile was compelled to swerve to avoid striking defendant's car; and, although they attempted to avoid the automobile of the defendant, they were unable to do so. This would lead to a conclusion that the defendant had not maintained a lookout for all vehicles immediately approaching upon the highway before he himself drove thereon.

The defendant also states the court erred in re-

fusing to instruct the jury that "the driver of any vehicle who has stopped as required by law at the entrance to a through highway shall yield to other vehicles within the intersection or approaching so closely on the through highway as to constitute immediate hazard. Having so yielded, such driver may proceed and other vehicles approaching the intersection on the through highway shall yield to the vehicle so proceeding into or across the through highway. Sub-division 2, Sec. 483.202, ORS".

■ The requested instruction has no applicability to the facts in this case. The defendant testified that he drove to the spot where the collision occurred. There is not a scintilla of evidence that, after having stopped for others upon the highway, he was attempting to claim a right of way over that of the automobile in which plaintiff was riding.

The defendant assigns as error the refusal of the trial court to give the following instruction:

"In this case, the testimony of plaintiff has been taken by deposition, pursuant to an agreement of counsel. The witness was under oath at the time the deposition was taken and the testimony in that deposition does not constitute an oral admission, but is to be considered by you with the same force and effect as testimony which plaintiff may give while a witness in this case. In other words, as to any part of the testimony of plaintiff obtained in the deposition, you cannot consider such testimony as an oral admission."

The trial court, while not giving the requested instruction, gave the following instruction:

"Insofar as use is made in examining the witness of a deposition previously given by that witness, the deposition is not before you except upon specific questions and answers which were read.

> The depositions are not before you except the questions read and answers read from the depositions, and those may be considered by you in determining whether conflicting statements were made at other times.  *  *  *."

The court also gave the customary cautionary instruction on oral statements or admissions to the effect that they should be viewed with caution.

It is the contention of the defendant that the giving of the cautionary instruction "had the effect of telling the jury to consider the testimony of respondent [plaintiff] in her deposition with caution because she might not have clearly expressed what she intended to state or admit, or that her statements, which were actually given under oath and reduced to writing, were not correctly understood or remembered"; and that the court's instruction as given would not correct the impression a jury might have that the depositions were to be considered in the same light as oral admissions made by a party out of court.

■ While the court could have more clearly drawn the distinction between evidence given under oath and oral admissions made by a party out of court, we do not believe the jury could have been so misled, or that the rights of the defendant were materially prejudiced in this respect.

The defendant also assigns as error the trial court's refusal to permit the defendant to fully cross-examine the witness Scott Clevenger, husband of the plaintiff, as to his interests in or motive for testifying in this cause.

For this purpose the defendant desired to show that this witness had commenced an action on behalf of himself for personal injuries in the sum of $7,500 general damages and $150 special damages, and for dam-

ages in the sum of more than $700 to his automobile; and that, also, as guardian for his minor son he had commenced an action for $5,139 damages against the defendant; all arising out of this same accident. The trial court sustained plaintiff's objections to the introduction of this evidence and defendant's offer.

The trial court was in error in its ruling for "It is always permissible to show the interest or bias of an adverse witness". *Smith v. Pacific Truck Express*, 164 Or 318, 329, 100 P2d 474. However, under the circumstances of this case, we do not believe the error is such as should cause a reversal of this case. The jury was well informed that this witness was very materially interested in the outcome of the case as the husband of the plaintiff, and, further, that he was interested as a guardian in the action brought for and on behalf of his son. The witness was asked:

"Q And you are vitally interested in the outcome of it [the case], aren't you?
"A Yes, sir.
"Q As Guardian of Thomas you are asking for $5139 for injuries to your son, aren't you?
"A Yes, sir."

While an objection was sustained to the last question asked and answer given, no motion was made to strike the answer or to have the jury disregard this testimony. Also, the witness was asked if he was injured in this same accident, and he answered that he was.

The defendant also assigns as error an instruction given by the trial court, but, as no exception was taken to the instruction as given, this court will not consider the assignment of error. ORS 17.510.

The judgment is affirmed.